IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA MATTIE LEE WOMACK, | |
| Plaintiff, | 8:17CV273 |
| vs. | |
| MOULTON COLLEGE, ACTIVATE LEARNING, THE OXFORD PARTNERSHIP, and GEMS EDUCATION SOLUTIONS, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed her Complaint on July 27, 2017. ([Filing No. 1](#).) She has been granted leave to proceed in forma pauperis. ([Filing No. 5](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

## I. PRIOR ACTION

In a prior action in this court,[1] Plaintiff sued Activate Learning, Moulton College, and The Oxford Partnership – all nonresident defendants – for breach of contract and some related claims. (*See* [Filing No. 31](#).) Plaintiff is an educator who allegedly entered into an employment agreement with the defendants for Plaintiff to teach English at a college in Saudi Arabia. (*Id*. at CM/ECF p. 2.) According to Plaintiff, The Oxford Partnership is a "consortium" comprised of GEMS Education Solutions, Moulton College, and Activate Learning. ([Filing No. 28 at CM/ECF p.](#)

---

[1] *Womack v. Moulton College, Activate Learning, and The Oxford Partnership*, Case No. 8:16CV145 (D. Neb. May 8, 2017) (United States District Judge John M. Gerrard presiding). *See [Stutzka v. McCarville](#)*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

2).) She did not seek relief against GEMS Education Solutions. (*Id.* at CM/ECF p. 13.)

In her initial complaint, Plaintiff sued Activate Learning and Moulton College. (Filing No. 1.) Activate Learning and Moulton College filed a motion to dismiss for lack of personal jurisdiction. (Filing No. 11.) Before ruling on the motion, the court allowed Plaintiff to amend her complaint to add The Oxford Partnership as a defendant. (Filing No. 27.) Plaintiff was given the opportunity to argue and present evidence on whether the court could exercise jurisdiction in Nebraska over the defendants. (*See* Filing Nos. 16-18, 19-21, 28, 28-1.) The court considered the motion to dismiss simultaneously with its initial review of Plaintiff's amended complaint adding The Oxford Partnership as a defendant. (*See* Filing No. 31.) The court ultimately determined that it lacked personal jurisdiction over all of the defendants. (*Id.*)

The court found that, because the negotiations and communications offering employment to Plaintiff came directly from The Oxford Partnership, Plaintiff failed to establish that Activate Learning or Moulton College had any minimum contacts with Nebraska. (*Id.* at CM/ECF p. 6.) Accordingly, Plaintiff focused on imputing the contacts of The Oxford Partnership to Activate Learning and Moulton College in order to permit the court to exercise jurisdiction over Activate Learning and Moulton College. (*See id.*) Plaintiff argued, and presented evidence, that The Oxford Partnership contacted her via email about employment and ultimately, she signed the Letter of Appointment while residing in Nebraska; payments she received were deposited into her bank in Nebraska; and she was "mobilized" from Nebraska. (*See id.* at CM/ECF pp. 7-8.) After a thorough analysis, the court found that Plaintiff failed to establish the minimum contacts necessary – whether individually or through the contacts of The Oxford Partnership – for the court to exercise either general or specific jurisdiction over Activate Learning or Moulton College. (*Id.* at CM/ECF pp. 6-12.) Applying the same reasoning, the court determined that Plaintiff also could not establish personal jurisdiction over The Oxford Partnership. (*Id.* at CM/ECF pp. 12-13.) The court dismissed Plaintiff's

claims without prejudice for lack of personal jurisdiction. (*Id*. at CM/ECF pp. 13-14.) It informed Plaintiff "should she choose to do so, she can still pursue [her claims] in a forum that *has* jurisdiction over the defendants." (*Id*.) (emphasis added)

## II. CURRENT ACTION

On July 27, 2017, nearly three months after the court dismissed her prior action, Plaintiff sues Moulton College, Activate Learning, The Oxford Partnership, and GEMS Education Solutions – all nonresident defendants – for breach of contract based upon the same factual circumstances alleged in her prior action. ([Filing No. 1](#).) She again alleges that The Oxford Partnership is a "consortium" comprised of GEMS Education Solutions, Moulton College, and Activate Learning. (*See id*. at CM/ECF p. 2.) With regard to personal jurisdiction, Plaintiff states only, "This Court has personal jurisdiction pursuant to 28 U.S.C. § 1332, Civil Procedures Rules and Law, 326 U.S. 310 and Sporadic or Casual Activity Related Lawsuits: Even a defendant whose activity in the state is sporadic, or consists only of a single act, may be subject to the personal jurisdiction of a court in that state when the lawsuit relates to that activity or act." (*Id*. at CM/ECF p. 3.)

## III. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is appropriate for the court to dismiss a complaint on initial review where there is an obvious lack of personal jurisdiction. *See Sanders v. United States*, 760 F.2d 869, 871-72 (8th Cir. 1985); *see also Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).

## IV.  DISCUSSION

The court finds that the current action is precluded because the court dismissed Plaintiff's prior action, without prejudice, for lack of personal jurisdiction. "'The law of the forum that rendered the first judgment controls the res judicata[2] analysis.'" *Tri-Nat'l, Inc. v. Yelder*, 781 F.3d 408, 413 (8th Cir. 2015) (citations omitted). Because the first judgment here was by the United States District Court of Nebraska, sitting in diversity, the court "must give that federal diversity judgment the same claim-preclusive effect that [Nebraska] state courts would give to a state court judgment." *See id*. (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see also Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043–44 (8th Cir. 1997); *Lane v. Sullivan*, 900 F.2d 1247, 1249–50 (8th Cir. 1990) (state law controls the application of collateral estoppel[3] when the judgment to be given preclusive effect was made by a federal district court sitting in diversity).

In Nebraska, issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. Issue preclusion applies only to issues actually litigated. Issue preclusion protects litigants from relitigating an identical issue with a party or his

---

[2] The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

[3] Collateral estoppel is also referred to as issue preclusion. *Estrada–Rodriguez v. Lynch*, 825 F.3d 397, 402 (8th Cir.), *cert. denied sub nom. Estrada-Rodriguez v. Lynch*, 137 S. Ct. 388, 196 L. Ed. 2d 295 (2016).

privy and promotes judicial economy by preventing needless litigation. *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014). Many cases have given preclusive effect to rulings on personal jurisdiction. *See Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) (citing examples and authority). However, plaintiffs can establish that "critical jurisdictional facts have changed in the interim," which would not prohibit relitigation of the issue. *Id*. at 1113. The Nebraska Supreme Court has come to the same conclusion. *See Stewart v. Hechtman*, 581 N.W.2d 416, 418-19 (Neb. 1998).

The court concluded in Plaintiff's prior action that it did not have personal jurisdiction over Activate Learning, Moulton College, or The Oxford Partnership. Plaintiff did not appeal that decision. Now, she fails to allege any "critical jurisdictional facts have changed . . ." in the mere three months since that decision. Instead, she apparently seeks to relitigate the question of personal jurisdiction in the current action. But, the court preclusively determined the question of personal jurisdiction in the prior action. Accordingly, the court will again dismiss Plaintiff's claims without prejudice for lack of personal jurisdiction. This finding applies equally to GEMS Education Solutions, as based upon Plaintiff's allegations, it is in the same position as Activate Learning and Moulton College – a nonresident defendant that is part of the "consortium" of The Oxford Partnership - and the court already determined that it lacked personal jurisdiction over The Oxford Partnership. Issue preclusion may be used by a nonparty in a later action, either offensively or defensively. *Hara*, 843 N.W.2d at 817. Alternatively, should issue preclusion not apply, Plaintiff fails to allege contacts with Nebraska sufficient to establish personal jurisdiction over any defendant in this case for the same reasons set forth in the court's decision in the prior action. Because of the prior action, Plaintiff was on clear notice of such a requirement.

The court once again reminds Plaintiff that she can still pursue her claims in a forum that *has* jurisdiction over the defendants. The court warns Plaintiff that, unless she alleges "critical jurisdictional facts have changed," she risks sanctions pursuant to Federal Rule of Civil Procedure 11 should she bring a third action in

this court against the defendants for breach of contract based upon the same factual circumstances.

IT IS THEREFORE ORDERED that:

1. This action is dismissed without prejudice for lack of personal jurisdiction.

2. A separate judgment will be entered.

Dated this 16th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge